**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**DAVID BRYAN CLARK, # 145082**                                        **PETITIONER**

**VERSUS**                                        **CIVIL ACTION NO. 2:09-cv-251-KS-MTP**

**D. CASKEY AND JIM HOOD**                                        **RESPONDENTS**

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner David Bryan Clark, an inmate at the East Mississippi Correctional Facility, Meridian, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

Petitioner pleaded guilty to business burglary on November 6, 2008, in the Circuit Court of Forrest County, Mississippi. *Pet.* [1]. According to the petition, Petitioner received a seven year suspended sentence in the custody of the Mississippi Department of Corrections (MDOC) pending the successful completion of the alcohol and drug program. Petitioner argues as grounds for habeas relief that he is being held illegally because he has completed the alcohol and drug program and has not been released.

After reviewing Petitioner's application for habeas corpus relief and giving it liberal construction as required by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court has come to the following conclusions.

It is a fundamental prerequisite to federal habeas relief that a Petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.1995), *cert. denied*, 116 S.Ct. 715 (1996). Title 28, Section 2254 of the United States Code provides in part as follows:

(b)(1) An application for a writ of habeas corpus in behalf of a person in custody

pursuant to the judgment of a State court shall not be granted unless it appears that—

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * * * * * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999).

In order for this Court to determine if the Petitioner has exhausted the state remedies available to him, an order [4] was entered on December 14, 2009, directing him to provide said information. On January 4, 2010, the Petitioner filed his response [6] in the form of an affidavit. Petitioner's response [6] stated that he has not filed for administrative relief or for post-conviction relief through the Mississippi Post-Conviction Collateral Relief Act.

This Court finds that Petitioner has an available state remedy under the Mississippi Post-

Conviction Collateral Relief Act, MISS. CODE ANN. §§ 99-39-1 to -29 (1972).[1]  Moreover, the

Petitioner states that he has not exhausted his available state court remedies through the

Mississippi Post-Conviction Collateral Relief Act or administrative remedies.  Therefore, this

Court finds that Petitioner has not met the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A)

and (c).  As such, Petitioner's application will be dismissed for failure to exhaust his state court

remedies which are available to him.

A Final Judgment in accordance with this Memorandum Opinion and Order will be

issued this date.

SO ORDERED AND ADJUDGED, this the 22nd day of January, 2010.


*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[1]A prisoner may bring an action under the Mississippi Post-Conviction Collateral Relief Act
if "his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he
is otherwise unlawfully held in custody."  MISS. CODE ANN. § 99-29-5(g) (1972).